## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**LAMONT ANTWAIN LAPRADE,**

    **Plaintiff,**

**v.**                                **Case No. 3:25-cv-00574**

**WESTERN REGIONAL JAIL, *et al.*,**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff Lamont Antwain Laprade ("Plaintiff"), acting pro se, filed his Complaint in this matter on September 26, 2025, against Defendants Western Regional Jail, James Smith, Wexford Health Sources, Austin Jordan, Dr. P. Galapon, and Boswell Pharmacy Services LLC. Currently pending before the Court are: (1) Defendants Wexford Health Sources, Inc., Austin Jordan, and Dr. P. Galapon's ("Medical Defendants") Motion to Dismiss, (ECF No. 17); (2) Defendants West Virginia Division of Corrections and Rehabilitation, improperly identified in the Complaint as Western Regional Jail, and James Smith's ("Jail Defendants") Amended Motion to Dismiss, (ECF No. 24); and (3) Defendant Boswell Pharmacy Services LLC's ("Boswell") Motion to Dismiss, (ECF No. 28). Plaintiff has filed a consolidated response in opposition to the motions, (ECF No. 30), and each defendant group filed a reply, (ECF Nos. 31, 32, 33).

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Having thoroughly reviewed the Complaint, the parties' memoranda, and the attached exhibits, the undersigned **FINDS** that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the undersigned **RECOMMENDS** that Defendants' motions to dismiss, (ECF Nos. 17, 24, 28), be **GRANTED**; that Plaintiff's Complaint, (ECF No. 2), be **DISMISSED**; and that this civil action be **REMOVED** from the docket of the Court.

## I.    Relevant Facts and Procedural History

On September 26, 2025, Plaintiff, acting *pro se* and then incarcerated at the Western Regional Jail ("WRJ") in Barboursville, West Virginia, filed an Application to Proceed without Prepayment of Fees and Costs and a Complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). Plaintiff named as defendants Western Regional Jail; James Smith; Wexford Health Sources, Inc. ("Wexford"); Austin Jordan; Dr. P. Galapon; and Boswell Pharmacy Services LLC ("Boswell"). (ECF No. 2 at 1). He sought monetary damages in the amount of $50,000. (ECF No. 2 at 5).

In the Complaint, Plaintiff alleges that in August 2025, he submitted a sick-call request concerning skin irritation and flaking affecting multiple areas of his body. (ECF No. 2 at 4). Plaintiff states that he was evaluated by Defendant Dr. Galapon and prescribed a tar-based shampoo. (*Id.*). According to Plaintiff, after using the prescribed shampoo, he experienced redness, irritation, and burns to his skin. (*Id.* at 4-5). Plaintiff contends that he thereafter received ointment and hydrocortisone cream, but he alleges that he suffered permanent scarring, discoloration, and emotional distress as a result of the treatment. (*Id.* at 4-6).

On October 30, 2025, Defendants Wexford, Austin Jordan, and Dr. P. Galapon filed a Motion to Dismiss and memorandum in support. (ECF Nos. 17, 18). They argue,

among other things, that Plaintiff fails to allege facts plausibly establishing deliberate indifference to a serious medical need, fails to allege personal involvement by Defendant Jordan, and fails to state a viable claim for relief against Wexford based on any policy or custom. (ECF No. 18 at 7-10). Defendants further contend that Plaintiff did receive medical attention and that the allegations, even accepted as true, sound in negligence rather than a constitutional deprivation. (ECF No. 18 at 10-11).

On November 20, 2025, Defendants West Virginia Division of Corrections and Rehabilitation ("WVDCR"), which notes it was improperly identified in the Complaint as WRJ, and James Smith filed an amended Motion to Dismiss and memorandum in support. (ECF Nos. 24, 25). They argue that WVDCR is not a "person" subject to suit under § 1983 and is entitled to sovereign immunity, and that Plaintiff pleads no facts showing James Smith's personal involvement in the alleged events. (ECF No. 25 at 5-8). They further assert that Plaintiff's allegations concern medical care provided by other defendants, that Smith cannot be held liable based solely on his supervisory role, that they are entitled to qualified immunity, and that the Complaint therefore fails to state a plausible claim against either Jail Defendant. (*Id.* at 8-14).

On December 19, 2025, Defendant Boswell filed its Motion to Dismiss and memorandum in support, asserting that Plaintiff fails to allege facts connecting Boswell to any constitutional deprivation or otherwise stating a plausible claim for relief. (ECF Nos. 28, 29).

On December 31, 2025, Plaintiff filed a consolidated response in opposition to the pending motions together with numerous exhibits. (ECF No. 30). In the response, Plaintiff disputes Defendants' characterization of his claims as sounding in negligence and contends that Defendants knowingly exposed him to a harmful medical product and

3

failed to adequately respond after he reported worsening symptoms. (*Id.*). Plaintiff also relies upon attached medical records, grievances, and product-related materials in support of his position. (*Id.*).

The Medical Defendants replied on January 9, 2026, maintaining that Plaintiff's response attempts to introduce allegations not contained in the operative Complaint and reiterating that the pleaded facts do not establish a constitutional violation or a basis for liability against Wexford or Jordan. (ECF No. 31). The Jail Defendants replied on January 12, 2026, likewise arguing that Plaintiff's response cannot amend the Complaint and emphasizing that Plaintiff still fails to allege conduct attributable to Smith or facts overcoming WVDCR's immunity. (ECF No. 32). Defendant Boswell replied on January 13, 2026, similarly asserting that Plaintiff's response and exhibits do not cure the absence of factual allegations connecting Defendant Boswell to the alleged injury. (ECF No. 33).

Thereafter, Plaintiff filed a notice requesting that his response brief be construed as his "initial complaint." (ECF No. 34). By Order entered April 8, 2026, the Court advised Plaintiff that if he wished to amend his pleading, he must file a motion seeking leave to amend and attach a proposed amended complaint. (ECF No. 35). Plaintiff subsequently informed the Court that he was not seeking leave to amend and instead wished to proceed upon the Complaint already filed in this action. (ECF No. 36). Accordingly, the Complaint filed at ECF No. 2 remains the operative pleading before the Court. To the extent Plaintiff relies upon additional factual allegations contained only in his response brief, those allegations are not part of the operative pleading before the Court. The Court therefore considers the pending motions based upon the allegations contained in the Complaint. The motions to dismiss are fully briefed and ripe for adjudication.

## II.   <u>Discussion</u>

Because Plaintiff proceeds pro se, the Court has liberally construed the allegations contained in the Complaint. Nevertheless, the Court may not act as Plaintiff's advocate or construct claims not fairly presented by the pleading. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The pending motions present three distinct categories of defendants: (1) the Jail Defendants, WVDCR and James Smith; (2) the Medical Defendants, Wexford Health Sources, Inc., Austin Jordan, and Dr. P. Galapon; and (3) Defendant Boswell Pharmacy Services LLC. Plaintiff filed one consolidated response addressing all three motions. (ECF No. 30). Each Defendant group filed a reply. (ECF Nos. 31, 32, 33). The Court therefore addresses the pending motions by defendant group.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. See *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Although the Court accepts well-pleaded factual allegations as true, it need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

As discussed below, the undersigned **FINDS** that Plaintiff fails to state a claim upon which relief may be granted against any Defendant. Accordingly, the undersigned respectfully **RECOMMENDS** that each pending motion to dismiss be **GRANTED**.

### A.  Jail Defendants

Defendants West Virginia Division of Corrections and Rehabilitation ("WVDCR"), who note they are improperly identified in the Complaint as Western Regional Jail ("WRJ"), and James Smith seek dismissal of Plaintiff's claims pursuant to Rule 12(b)(6). (ECF Nos. 24, 25). They argue that WVDCR is not a "person" subject to suit under 42

U.S.C. § 1983 and is immune from suit under the Eleventh Amendment. (ECF No. 25 at 5-8). They further contend that Plaintiff fails to allege facts showing Defendant Smith's personal involvement in the events described in the Complaint, that neither Defendant may be held liable for the medical treatment at issue, and that both Defendants are entitled to qualified immunity. (*Id.* at 8-14). The undersigned addresses the claims against each Defendant below.

### *Defendant WVDCR/WRJ*

Plaintiff names Western Regional Jail ("WRJ") as a defendant and seeks monetary damages under 42 U.S.C. § 1983. (ECF No. 2 at 1, 5). Defendants correctly note that WRJ is operated by the West Virginia Division of Corrections and Rehabilitation ("WVDCR") and is not a legal entity separate from the State of West Virginia. (ECF No. 25 at 5–8). Accordingly, the Court construes Plaintiff's claims against WRJ as claims asserted against WVDCR.

To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a federally protected right. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 60 (1989). It is well established that West Virginia regional jails and the state agencies that operate them are arms of the State and therefore are not "persons" subject to suit under § 1983. *See Roach v. Burch*, 825 F. Supp. 116, 118 (N.D.W. Va. 1993); *Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 728 F. Supp. 2d 803, 818 (S.D.W. Va. 2010). Consequently, Plaintiff cannot maintain a § 1983 action for damages against WRJ or WVDCR.

Moreover, as an arm of the State of West Virginia, WVDCR is entitled to sovereign immunity under the Eleventh Amendment. The Eleventh Amendment protects states and their agencies from suit in federal court absent waiver or valid congressional abrogation.

*See Will*, 491 U.S. at 66; *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). Plaintiff has identified no waiver of immunity applicable to his claims, nor is the Court aware of any. Accordingly, WVDCR is immune from Plaintiff's claims for monetary relief.

Plaintiff's response does not meaningfully address these arguments. Rather, Plaintiff focuses on the circumstances surrounding his medical treatment and the injuries he allegedly sustained. (ECF No. 30). However, those allegations do not alter the settled law that WVDCR is not a "person" within the meaning of § 1983 and is immune from suit in this action.

Accordingly, the undersigned **FINDS** that Plaintiff fails to state a cognizable claim against WVDCR and further **FINDS** that WVDCR is immune from suit under the Eleventh Amendment. The undersigned respectfully **RECOMMENDS** that the Jail Defendants' motion to dismiss, (ECF No. 24), be **GRANTED** as to WVDCR.

### *Defendant Smith*

Plaintiff also names James Smith as a defendant. (ECF No. 2 at 1). However, beyond identifying Smith by name, Plaintiff pleads no facts describing Smith's involvement in Plaintiff's medical treatment, his alleged injuries, or any related decision-making. The Complaint does not allege that Smith personally participated in prescribing or providing medical care, denied Plaintiff access to treatment, or otherwise engaged in conduct giving rise to Plaintiff's claims.

Liability under § 1983 is personal in nature. A plaintiff must affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights. *See Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018). Naming a supervisory official, without factual allegations linking that official to the alleged constitutional violation, is insufficient to state a claim. *Id.* ("[A] plaintiff must plead that each Government-official

7

defendant, through the official's own individual actions, has violated the Constitution.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

In his response, Plaintiff attempts to attribute broader responsibility to Smith. (ECF No. 30). He asserts that Smith was responsible for inmate safety and oversight at the facility and failed to intervene or otherwise protect Plaintiff from the alleged harm arising from his medical treatment. (*Id.* at 2, 5). Plaintiff further suggests that Smith should be held accountable based upon his supervisory position within the jail and responsibility for facility operations. (*Id.*). Even assuming those assertions were properly before the Court, they do not establish Smith's personal involvement in Plaintiff's medical care or the treatment decisions at issue. The operative Complaint contains no factual allegations showing Smith's personal involvement in Plaintiff's alleged constitutional deprivation. Rather, Plaintiff's assertions regarding Smith are based upon Smith's supervisory position within the facility. Such allegations are insufficient to state a § 1983 claim because, as stated herein, liability under § 1983 is personal in nature, and a supervisory official may not be held liable solely based upon his position of authority or the actions of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Accordingly, the undersigned **FINDS** that Plaintiff fails to allege facts plausibly establishing a claim against Defendant Smith. Because Plaintiff fails to plausibly allege a constitutional violation by Defendant Smith, the Court need not address Defendants' qualified-immunity argument. The undersigned respectfully **RECOMMENDS** that the Jail Defendants' motion to dismiss, (ECF No. 24), be **GRANTED** as to Defendant Smith.

### B.  Medical Defendants

Defendants Wexford Health Sources, Inc. ("Wexford"), Austin Jordan, and Dr. P. Galapon seek dismissal of Plaintiff's claims pursuant to Rule 12(b)(6). (ECF Nos. 17, 18). They argue that Plaintiff fails to allege facts plausibly establishing deliberate indifference to a serious medical need, does not plead any personal involvement by Defendant Jordan, and fails to allege a basis for corporate liability against Wexford. (ECF No. 18). They further contend that Plaintiff's allegations demonstrate that he received medical treatment and, at most, describe negligence or disagreement with treatment rather than a constitutional deprivation. (*Id.*). The undersigned addresses each Defendant in turn.

### *Defendant Austin Jordan*

Plaintiff names Austin Jordan as a defendant but alleges no facts describing Jordan's involvement in Plaintiff's medical treatment or the events giving rise to this action. (ECF No. 2 at 1, 4-5). The Complaint does not allege that Jordan evaluated Plaintiff, prescribed medication, denied treatment, or otherwise participated in the conduct at issue.

As noted above, liability under § 1983 is personal in nature. *See Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018). A plaintiff must allege facts affirmatively linking each defendant to the claimed constitutional deprivation. *Id.* Merely identifying an individual by name, without factual allegations describing the individual's conduct, is insufficient to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In his response, Plaintiff appears to contend that Jordan held a supervisory role within the medical department and bore responsibility for the treatment decisions made in response to Plaintiff's complaints, including the prescription and dispensing of the tar-based shampoo and the alleged failure to intervene after Plaintiff reported continuing irritation and injury. (ECF No. 30 at 2, 6).

Even assuming those assertions were properly before the Court, they do not plausibly establish Jordan's personal involvement in the alleged constitutional deprivation. As with Defendant Smith, the operative Complaint contains no factual allegations showing that Jordan participated in Plaintiff's medical care, directed the treatment decisions at issue, or otherwise engaged in conduct giving rise to Plaintiff's claims. Further, to the extent Plaintiff seeks to impose liability based upon Jordan's supervisory position, § 1983 does not permit liability based solely upon a defendant's role or authority. See *Iqbal*, 556 U.S. at 676.

Because the Complaint pleads no facts connecting Jordan to Plaintiff's alleged injuries, the undersigned **FINDS** that Plaintiff fails to state a plausible claim against Defendant Jordan. Accordingly, the undersigned respectfully **RECOMMENDS** that the Medical Defendants' motion to dismiss, (ECF No. 17), be **GRANTED** as to Defendant Jordan.

### *Defendant Dr. P. Galapon*

Plaintiff alleges that Dr. Galapon evaluated him after he submitted a sick-call request for skin irritation and prescribed a tar-based shampoo. (ECF No. 2 at 4). Plaintiff contends that after using the shampoo, he experienced redness, irritation, and burns and later received ointment and hydrocortisone. (ECF No. 2 at 4-5). Plaintiff asserts that the treatment resulted in permanent scarring and emotional distress. (*Id.* at 5).

Because Plaintiff was a pretrial detainee at the relevant time, his medical-care claim arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Short v. Hartman*, 87 F.4th 593, 609–10 (4th Cir. 2023). To state such a claim, Plaintiff must allege facts plausibly showing that the challenged conduct was objectively unreasonable in light of a serious medical need. *See id.* at 611–12. Mere negligence,

inadvertent error, or disagreement with the course of treatment is insufficient to establish a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Nothing in the Complaint plausibly alleges that Dr. Galapon knew the prescribed shampoo posed an excessive risk of harm to Plaintiff, that the medication was contraindicated for Plaintiff, or that Dr. Galapon knowingly disregarded such a risk. Rather, Plaintiff alleges that Dr. Galapon evaluated him, prescribed treatment for his reported symptoms, and that Plaintiff subsequently experienced an adverse reaction. (ECF No. 2 at 4-5). Even accepting those allegations as true, the Complaint alleges, at most, that the prescribed treatment was ineffective or caused unintended harm. Such allegations sound in negligence or medical malpractice, which are insufficient to establish a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).

Further, accepting Plaintiff's allegations as true, the Complaint also reflects that after Plaintiff reported continued irritation, he was provided with additional ointment and hydrocortisone. (ECF No. 2 at 4-5). These allegations demonstrate that Plaintiff received medical attention. While Plaintiff plainly disagrees with the effectiveness of the prescribed treatment and believes the medication harmed him, the facts alleged do not plausibly establish that Dr. Galapon acted in an objectively unreasonable manner rising to the level of a constitutional deprivation.

In his response, Plaintiff appears to dispute Defendants' characterization of his allegations and contends that the treatment posed a known danger. (ECF No. 30). However, Plaintiff's response does not cure the deficiencies discussed above. Even liberally construed, Plaintiff's allegations do not establish that Dr. Galapon acted in an

11

objectively unreasonable manner or otherwise violated Plaintiff's constitutional rights. Thus, the operative Complaint fails to state a Fourteenth Amendment medical care claim.

Accordingly, the undersigned **FINDS** that Plaintiff fails to state a viable constitutional claim against Defendant Galapon and respectfully **RECOMMENDS** that the Medical Defendants' motion to dismiss, (ECF No. 17), be **GRANTED** as to Defendant Galapon.

### *Defendant Wexford*

Plaintiff also names Wexford as a defendant. (ECF No. 2 at 1). However, the Complaint contains no factual allegations concerning any Wexford policy, custom, or practice connected to Plaintiff's alleged injuries.

A private corporation performing medical services at a correctional facility may be liable under § 1983 only when an official policy or custom causes the alleged constitutional deprivation. *See Powell v. Shopco Laurel Co.*, 678 F.2d 504 (4th Cir. 1982). A corporation may not be held liable solely because it employs individuals involved in the underlying events. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Powell*, 678 F.2d 504 (4th Cir. 1982).

Here, Plaintiff alleges only a single course of treatment involving his own medical care. The Complaint contains no factual allegations identifying a Wexford policy or widespread custom and no allegations plausibly connecting Wexford itself to a constitutional violation. Plaintiff's response does not cure these deficiencies, and, as stated herein, Plaintiff expressly declined to amend the operative Complaint. (ECF No. 36). Moreover, for the reasons discussed above, Plaintiff fails to plausibly allege an underlying constitutional violation arising from his medical treatment. Absent a constitutional deprivation, there can be no corporate liability under § 1983.

For the reasons discussed above, the undersigned **FINDS** that Plaintiff fails to state a plausible claim for relief against Wexford. Having concluded that dismissal is warranted under Rule 12(b)(6), the undersigned declines to address Wexford's alternative arguments concerning service of process and compliance with Rule 8(a)(2). Accordingly, the undersigned respectfully **RECOMMENDS** that the Medical Defendants' motion to dismiss, (ECF No. 17), be **GRANTED** as to Defendant Wexford.

### C.  Defendant Boswell

Defendant Boswell Pharmacy Services LLC ("Defendant Boswell") seeks dismissal pursuant to Rule 12(b)(6), arguing that Plaintiff fails to allege facts connecting Defendant Boswell to the conduct described in the Complaint or otherwise state a plausible claim for relief under § 1983. (ECF Nos. 28, 29). The undersigned agrees.

Although Plaintiff names Defendant Boswell as a defendant, the Complaint contains no factual allegations describing Defendant Boswell's involvement in Plaintiff's medical treatment. (ECF No. 2 at 1, 4-5). Plaintiff alleges that he submitted a sick-call request, was evaluated by Dr. Galapon, received a tar-based shampoo, and later experienced irritation and burns requiring additional treatment. (*Id.*). However, the Complaint does not allege that Defendant Boswell evaluated Plaintiff, prescribed medication, dispensed the shampoo at issue, provided instructions concerning its use, or otherwise participated in the conduct giving rise to Plaintiff's claims.

To state a claim under § 1983, Plaintiff must allege facts plausibly connecting each defendant to the claimed constitutional deprivation. Conclusory assertions unsupported by factual allegations are insufficient to survive dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In his response, Plaintiff attempts to connect Defendant Boswell to the alleged injury through exhibits attached to his filing and argues that Defendant Boswell bore responsibility for the product he received. (ECF No. 30 at 3-4, 8, 10-12). Specifically, Plaintiff relies on product labeling and related materials to support his contention that Defendant Boswell was involved in dispensing the tar-based shampoo and that the product contributed to his injuries. (*Id.*). Defendant Boswell replies that Plaintiff's response cannot amend the operative Complaint and further disputes Plaintiff's characterization of the attached materials. (ECF No. 33). Whether the attached materials support Plaintiff's characterization is ultimately immaterial because the Court evaluates the pending motions based upon the allegations contained in the operative Complaint, and Plaintiff has expressly clarified that he was not seeking leave to amend his Complaint. (ECF No. 36). On the face of the operative Complaint, Plaintiff alleges no facts plausibly connecting Defendant Boswell to a constitutional deprivation.

Moreover, even assuming Defendant Boswell supplied or dispensed the shampoo prescribed to Plaintiff, Plaintiff has provided no factual allegations showing that Defendant Boswell knew the product posed a substantial risk of harm to Plaintiff, disregarded such a risk, or otherwise engaged in objectively unreasonable conduct. As discussed above, Plaintiff's allegations concerning the shampoo amount, at most, to an adverse treatment outcome rather than a constitutional violation.

Accordingly, the undersigned **FINDS** that Plaintiff fails to state a plausible claim against Defendant Boswell. The undersigned respectfully **RECOMMENDS** that Defendant Boswell's motion to dismiss, (ECF No. 28), be **GRANTED**.

14

### III.    Conclusion

For the reasons stated herein, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that: (1) Defendants Wexford Health Sources, Inc., Austin Jordan, and Dr. P. Galapon's Motion to Dismiss, (ECF No. 17), be **GRANTED**; (2) Defendants West Virginia Division of Corrections and Rehabilitation and James Smith's Amended Motion to Dismiss, (ECF No. 24), be **GRANTED**; (3) Defendant Boswell Pharmacy Services LLC's Motion to Dismiss, (ECF No. 28), be **GRANTED**; (4) Plaintiff's claims be **DISMISSED**; and (5) this civil action be **REMOVED** from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then an additional three days (if served by mail) from the date of filing of this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court specific written objections identifying the portions of the "Proposed Findings and Recommendation" to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Aboulhosn.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendation" to Plaintiff and counsel of record.

**FILED:** June 15, 2026



Omar J. Aboulhosn
United States Magistrate Judge